UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| CINDY JO KEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:16-cv-112-TAV-SKL |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is a motion [Doc. 2] and application for leave to proceed *in forma pauperis* ("Application") [Doc. 2-1] filed by Plaintiff Cindy Jo Keele ("Plaintiff"). Plaintiff's Complaint [Doc. 1] seeks review of the Commissioner of Social Security's decision to deny her long-term disability benefits and supplemental security income.

On December 6, 2016, the Court issued an Order [Doc. 3], which addressed various deficiencies in Plaintiff's original IFP Application, namely $23,000.00 identified by Plaintiff as being received by her within the last 12 months in connection with "compensatory damages from an ADA discrimination Lawsuit" [Doc 2-1 Page ID # 14]. The Court ordered Plaintiff to submit a new Application within **30 days**, clarifying the status of the $23,000.00 amount received within the last twelve months. The Court warned Plaintiff that failure to submit the requested information within **30 days** of the entry of the Order could result in the denial of her IFP Application.

Plaintiff has failed to comply with the Court's Order and to submit the requested information needed by the Court to make a determination about whether Plaintiff is able to pay the Court's filing fee while still affording the necessities of life. *See Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 339 (1948) (finding applicant must establish by affidavit that he cannot pay the filing fee and still be able to provide himself and his dependents "with the necessities of life"). Accordingly, I **RECOMMEND**[1] that Plaintiff's IFP Application [Doc. 2] be **DENIED** and that she be assessed the filing fee to proceed with her action.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).